IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DENNIS W. CAIN,
ADC #129216                                                                                         PLAINTIFF

v.                                            5:05CV00053HLJ

ARKANSAS DEPARTMENT
OF CORRECTION, et al.                                                                     DEFENDANTS

MEMORANDUM AND ORDER

This matter is before the Court on the motion for judgment on the pleadings filed by defendants Arkansas Department of Correction (ADC) and Max Mobley (DE #65). Plaintiff has filed a response in opposition to the motion (DE #83).

In support of the motion, defendants state that the Eleventh Amendment provides immunity to the ADC from liability in actions filed pursuant to 42 U.S.C. § 1983. Specifically, the Eleventh Amendment provides that a state (or its agencies) can not be sued by its own citizens without consent, and defendant states that it did not consent to plaintiff's suit against it. In addition, defendant Mobley states that plaintiff's allegations against him should be dismissed for the following reasons: 1) plaintiff's allegations against him are based on his supervisory capacity, which can not be asserted as a theory of liability in § 1983 actions; 2) plaintiff's allegations against defendant do not rise to the level of deliberate indifference and assert a claim of negligence, at most;  and, 3) defendant Mobley is protected from liability by principles of qualified immunity.

In his response, plaintiff states that the Eleventh Amendment should not prevent him from seeking the protection of his right to be free from cruel and unusual punishment, and that a suit against an officer of the state is not a suit against the state within the meaning of the Eleventh

1

Amendment. With respect to his allegations against defendant Mobley, plaintiff alleges that he was responsible for ensuring that he receive appropriate medical treatment, that he informed the infirmary of his need for treatment, and that defendant was responsible for making sure that plaintiff was provided such treatment. Plaintiff states that he should be permitted to establish at trial the failure of defendant to make sure that he received such treatment.

The applicable standard of review on a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is the same as that on a motion to dismiss under Fed.R.Civ.P. 12(b)(6) (see Shaw v. Rolex Watch U.S.A., Inc., 745 F.Supp. 982, 984 [S.D.N.Y.1990], citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1367, at p. 518-19 [2d ed. 1990] ). That is, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' " Goldman v. Belden, 754 F.2d 1059, 1065 [2d Cir.1985], quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In addition, such a motion is addressed solely to the face of a pleading, and "[t]he court's function ... is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient" Id. at 1067. In assessing the sufficiency of a pleading on a motion to dismiss, it is well settled that the court must, of course, accept the allegations of the complaint as true and draw all reasonable inferences favorably to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

First, the Court finds that plaintiff's claims against defendant ADC should be dismissed pursuant to Eleventh Amendment immunity. This applies both to his 42 U.S.C. § 1983 allegations against it – Glick v. Henderson, 855 F.2d 536 (8th Cir. 1988) – and to his allegations pursuant to the Americans with Disabilities Act (DE #12). See Alsbrook v. City of Maumelle, 184 F.3d 999, 1010

(8th Cir. 1999).

In addition, with respect to plaintiff's allegations against defendant Mobley, the Court finds that they should also be dismissed, since they are based on Mobley's supervisory capacity only. Rizzo v. Goode, 423 U.S. 362 (1976).  Plaintiff's only specific allegation against Mobley – that he failed to respond to a grievance about the denial of his medical condition – is refuted by the response from Mobley attached to plaintiff's complaint (DE #2).  Accordingly,

IT IS, THEREFORE, ORDERED that the motion for judgment on the pleadings filed by defendants Arkansas Department of Correction and Mobley is hereby GRANTED and these defendants are DISMISSED from plaintiff's complaint.

IT IS SO ORDERED this 31st day of August, 2006.

                                                                */s/ Henry L. Jones, Jr.*
                                                             United States Magistrate Judge